UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| RICHARD J. PENSKA, | ) | |
| Plaintiff, | ) | 2:04-CV-01031-LRH-LRL |
| v. | ) | ORDER |
| STATE OF NEVADA, et al., | ) | |
| Defendant. | ) | |

Presently before the court is Defendants Sharlet Gabriel, George Grigas, and Edison Walker's Motion in Limine (#52[1]). Plaintiff Richard Penska has not filed an opposition to this motion. Defendants ask this court to exclude evidence from trial based on Federal Rules of Evidence 401, 402, and 403. Because Plaintiff has failed to respond to Defendants' motion, and Defendants' motion is meritorious, Defendants' motion in limine is granted.

**I.   Facts and Procedural History**

The present action is currently set for trial on Plaintiff's claim for relief under 42 U.S.C. § 1983 due to Defendants' alleged violation of Plaintiff's due process rights under the Fourteenth Amendment. In this court's August 29, 2007, order, the court held Plaintiff had shown there is a genuine issue of material of fact as to whether Defendants solicited staff at the Nevada Department

---

[1] Refers to the court's docket.

of Corrections to file complaints against Plaintiff from 2001 to 2002, thereby causing Plaintiff to resign and experience deprivation of a property interest without due process of law.

In 1987, approximately fourteen years before these alleged incidents, Plaintiff came across a list of inmates diagnosed with HIV/AIDS.  After discovering the list, Plaintiff decided to take it home and cross-reference the infected inmates with inmates Plaintiff previously had altercations with.  As Plaintiff was leaving work, his supervisor asked him for the list.  Plaintiff surrendered the list.  Plaintiff was thereafter suspended for allegedly violating inmate privacy standards.  However, he was later exonerated and reinstated with back pay.

Defendants now ask this court to order Plaintiff to refrain from referring to the HIV/AIDS incident at trial on grounds that it is irrelevant and poses potential for extreme prejudice against Defendants.

## II.     Discussion

The court will grant Plaintiffs motion.  Local Rule 7-2(d) states in pertinent part that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting the motion."  Defendants filed the instant motion on February 11, 2008.  Plaintiff had until February 29, 2008, to respond to this motion.  As of today, Plaintiff has filed no response to Defendants' motion.  Accordingly, the court grants Defendants' motion pursuant to Local Rule 7-2(d).

Furthermore, the court finds that the evidence concerning the HIV/AIDS incident is inadmissible under Federal Rule of Evidence 403.  The relevancy of the HIV/AIDS incident is extremely small.  The incident took place in 1987; thus, the probative value of this evidence to prove a retaliatory motive on the part of Defendants in 2000 and 2001 is substantially outweighed by the danger of confusion of the issues at trial, misleading the jury, undue delay, and waste of time. *See* Fed. R. Evid. 403.

///

1  IT IS THEREFORE ORDERED that Defendants' Motion in Limine (#52) is GRANTED.

2  IT IS SO ORDERED.

3  DATED this 30th day of April 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3